**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **BENJAMIN JAMES HOWARD,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:18-CV-00010-TH** |
| | § | |
| **NANCY A. BERRYHILL, ACTING** | § | |
| **COMMISSIONER, SOCIAL SECURITY** | § | |
| **ADMINISTRATION,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On June 25, 2019, the Magistrate Judge issued his Report and Recommendation (Doc. No. 17), recommending that the ALJ's decision be affirmed and that this action be dismissed with prejudice. Plaintiff has filed Objections (Doc. No. 18) to the Report and Recommendation. Therefore, the Court reviews the objected-to portions of the Report and Recommendation *de novo*.

Plaintiff objects on two grounds: (1) the Magistrate Judge incorrectly recommended that the ALJ properly evaluated Listing 12.05; and (2) the Magistrate Judge incorrectly recommended that the ALJ properly evaluated Plaintiff's non-adherence to his medication regimen. With respect to the first ground, Plaintiff argues that the Magistrate Judge cited the incorrect version of Listing 12.05 and that the ALJ failed to consider contradictory evidence in the record when determining whether Plaintiff met Listing 12.05. In his Report, the Magistrate Judge cites the current version of Listing 12.05. (Doc. No. 17, at 8–9.) The ALJ issued her decision on January

30, 2017. At the time of the ALJ's decision, a prior version of Listing 12.05 was in effect. While a different version of Listing 12.05 was in effect at the time of the ALJ's decision, the ALJ nonetheless supported her analysis of Listing 12.05 with substantial evidence. As the Magistrate Judge noted, the ALJ gave weight to the Plaintiff's school records, which ruled out intellectual disability and instead found Plaintiff has borderline intellectual functioning. (Doc. No. 17, at 9.) The school examiner found that Plaintiff had a full scale IQ of 73. Tr. at 326. Indeed, the record contains other evaluations of Plaintiff's cognitive abilities. The ALJ, however, considered these evaluations and decided to give weight to the school evaluation. Tr. at 13. As the Magistrate Judge addressed, the ALJ may assign different weight to medical evidence the ALJ reviews. The version of Listing 12.05 in effect at the time of the ALJ's decision requires a full scale IQ of 70 or below or "[m]ental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05. Accordingly, the ALJ's determination that Plaintiff did not meet the limitations of Listing 12.05 is supported by substantial evidence and the Magistrate Judge's finding is correct.

With respect to Plaintiff's second ground, Plaintiff argues that the ALJ failed consider Dr. Dopson and Dr. Fries's opinions with respect to Plaintiff's adherence to his medication regimen. After *de novo* review, the Court finds the Magistrate Judge's finding to be correct that the ALJ's determination regarding Plaintiff's adherence to his medication regimen is supported by substantial evidence.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report be **ADOPTED** and that the ALJ's decision be **AFFIRMED** and that this action be **DISMISSED WITH PREJUDICE**.

**SIGNED** this the 1  day of **August, 2019.**


_____
Thad Heartfield
United States District Judge